Matter of Shelly (2020 NY Slip Op 02325)





Matter of Shelly


2020 NY Slip Op 02325


Decided on April 16, 2020


Appellate Division, Second Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
SHERI S. ROMAN, JJ.


2019-09636

[*1]In the Matter of Philip Victor Shelly, an attorney and counselor-at-law. Grievance Committee for the Ninth Judicial District, petitioner; Philip Victor Shelly, respondent. (Attorney Registration No. 2762854.)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Ninth Judicial District. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the First Judicial Department on June 17, 1996.



Gary L. Casella, White Plains, NY (Matthew Lee-Renert of counsel), for petitioner.



PER CURIAM


OPINION & ORDER
. On August 30, 2019, the Grievance Committee for the Ninth Judicial District served the respondent with a notice of petition dated August 15, 2019, and a verified petition dated August 14, 2019. The verified petition contains six charges of professional misconduct, which allege, among other things, that the respondent engaged in conduct prejudicial to the administration of justice and that adversely reflects on his fitness as a lawyer by failing to comply with a judicial subpoena duces tecum, in violation of rules 8.4(d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0) (charge one); failed to produce required financial records, in violation of rule 1.15(i) of the Rules of Professional Conduct (22 NYCRR 1200.0) (charge two); engaged in a pattern and practice of disbursing funds from his attorney escrow account through cash withdrawals, in violation of rule 1.15(e) of the Rules of Professional Conduct (22 NYCRR 1200.0) (charge three); failed to maintain a required bookkeeping record for his attorney escrow account, in violation of rule 1.15(d)(1)(ii) of the Rules of Professional Conduct (22 NYCRR 1200.0) (charge four); failed to properly identify his attorney escrow account on the account's checks, in violation of rule 1.15(b)(2) of the Rules of Professional Conduct (22 NYCRR 1200.0) (charge five); and engaged in conduct prejudicial to the administration of justice and that adversely reflects on his fitness as a lawyer, by failing to cooperate with the Grievance Committee's investigation, in violation of rules 8.4(d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0) (charge six). The notice of petition directed the respondent to file and serve his answer to the verified petition within 20 days after service upon him of the verified petition. To date, the respondent has neither served an answer to the verified petition, nor requested additional time in which to do so.
The Grievance Committee now moves to deem the charges against the respondent established based upon his default and to impose such discipline upon him as this Court deems appropriate. Although the motion papers were served, by mail, upon the respondent on September 27, 2019, he has neither opposed the instant motion nor interposed any other response thereto. By separate motion, the Grievance Committee moves, inter alia, to immediately suspend the respondent from the practice of law pursuant to 22 NYCRR 1240.9(a)(2), (3), and/or (5), upon a finding that he [*2]is guilty of professional misconduct immediately threatening the public interest. To date, the respondent has failed to submit papers in response to this motion.
Accordingly, the Grievance Committee's motion to deem the charges in the verified petition dated August 14, 2019, established is granted, the charges in the verified petition are deemed established, and, effective immediately, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law. The separate motion seeking to immediately suspend the respondent from the practice of law is denied as academic.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and ROMAN, JJ.,concur.
ORDERED that the Grievance Committee's motion to deem the charges in the verified petition dated August 14, 2019, established is granted, and the Grievance Committee's separate motion to immediately suspend the respondent, Philip Victor Shelly, from the practice of law is denied as academic; and it is further,
ORDERED that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Philip Victor Shelly, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Philip Victor Shelly, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Philip Victor Shelly, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Philip Victor Shelly, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and ROMAN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court